No. 96-568

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

FILED

JUN 10 1997

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

IN THE MATTER OF J.M., S.C., and T.C.,

Youths in Need of Care.

APPEAL FROM:     District Court of the Eighteenth Judicial District, In and for the County of
                 Gallatin, the Honorable Thomas A. Olson, Judge Presiding.

COUNSEL OF RECORD:

    For Appellant:

        Thomas I. Sabo, Gallatin Gateway, Montana

    For Respondent:

        Honorable Joseph P. Mazurek, Attorney General; Tammy Plubell,
        Assistant Attorney General, Helena, Montana

        Gary Balaz, Deputy County Attorney, Bozeman, Montana

        Leslie C. Taylor, Bozeman, Montana

Submitted on Briefs: May 1, 1997

Decided: June 10, 1997

Filed:

_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company and State Reporter Publishing Company.

The parents of S.C. and T.C. (the parents) appeal from a decision of the Eighteenth Judicial District Court, Gallatin County, terminating their parental rights to S.C. and the mother's parental rights to J.M. J.M.'s father consented to the termination of his parental rights and is not a party to this appeal. The court also granted the Department of Public Health and Human Services temporary investigative authority (TIA) with respect to the parents' infant daughter, T.C. We affirm.

The issues are whether the court abused its discretion in terminating the parents' rights to S.C. and the mother's rights to J.M. and in granting TIA with respect to T.C.

The Department obtained TIA concerning J.M. in December of 1993, after an incident of physical abuse by S.C.'s father, with whom S.C., J.M., and their mother lived. The Department had received at least ten prior reports of abuse and neglect of S.C. and J.M.

The Department initiated a treatment plan to which the parents agreed. TIA was later extended for six more months and was expanded to include S.C. In November of 1994, S.C., then seven years old, fainted while walking to school after her mother had told her to stay home because they were being evicted and she needed to pack. Citing ongoing problems

2

order terminating parental rights must be supported by clear and convincing evidence. Matter of Adoption of Doe (1996), 277 Mont. 251, 255, 921 P.2d 875, 878.

The parents cite the statutory purpose under § 41-3-101, MCA, of protecting family unity whenever possible. They complain that the actions of the Department while S.C. and J.M. were in foster care contravened that purpose. Specifically, they complain that they were required to travel twenty miles from their home in Manhattan, Montana, to Bozeman, Montana, for visitation and that they were granted telephone visitation although they did not have a telephone at their home. They also complain that the District Court took the attitude that it was their responsibility to do whatever they had to, in order to get their children back.

The District Court made comprehensive findings of fact in this matter. It found from the evidence presented that, because of past abuse and neglect, S.C. and J.M. have serious emotional problems and will require skillful parenting and continued therapy. The court found that during the time S.C. and J.M. had been in foster care, the parents had not completed their treatment plan and had not made enough improvement to establish that the conduct and conditions which led to the children's out-of-home placement would change in a reasonable amount of time. They "completed only those objectives of the [treatment] plan that were specifically arranged for them." The court noted that in 1994, the parents received a sizeable settlement of a medical malpractice claim concerning a daughter who died, but that they did not use the funds to improve the living situation of the family or otherwise care for the children. The court concluded that the conduct of the parents was unlikely to change

4

with the parents regarding the children's school attendance and the physical and sanitary safety of their home, the Department placed J.M. and S.C. in foster care. After a hearing, the District Court granted the Department temporary custody.

In March of 1995, the parents signed a new treatment plan. J.M. and S.C. remained in foster care. Both children required ongoing psychological therapy, and J.M. was enrolled in a day facility for children with serious emotional illnesses. T.C., who was born to the parents in October 1995, resided with them throughout these proceedings.

In January 1996, the Department petitioned the District Court for termination of parental rights to S.C. and J.M. and for six months' TIA concerning T.C. At the hearing on the petition, the court heard testimony by S.C. and J.M.'s teachers and therapists, counselors who had seen the parents, the foster mother of S.C. and J.M., and the Department's caseworkers and social services assistant assigned to this case. The court also heard the testimony of S.C. and J.M.'s legal guardian for this action, the children's paternal grandmother, a friend of the parents, and the parents. The court granted the Department's petition. The parents appeal.

This Court's standard of review of a district court's findings of fact in a termination of parental rights is whether the findings are clearly erroneous. Matter of J.L. (1996), 277 Mont. 284, 287, 922 P.2d 459, 461. The standard of review of conclusions of law in a termination case is whether the conclusions are correct. Matter of J.L., 922 P.2d at 461. An

within a reasonable time. After reviewing the record and considering the arguments raised on appeal, we conclude that the District Court's findings are not clearly erroneous, its conclusions are correct, and its judgment terminating parental rights to S.C. and J.M. is supported by clear and convincing evidence.

The parents further argue that TIA concerning T.C. was granted without any evidence that they abused or neglected her. A petition for TIA must be supported by substantial evidence to support probable cause that the youth in question is in danger of being abused or neglected. Matter of J.W. (1987), 226 Mont. 491, 496-97, 736 P.2d 960, 963.

The court's findings acknowledge the absence of evidence of abuse or neglect of T.C. However, harm to one child may justify protective actions as to another child. Matter of T.C. (1989), 240 Mont. 308, 312, 784 P.2d 392, 394. The District Court specifically found that, while T.C. appeared to be well-nourished and appropriately cared for, "[a]s she gets older and more difficult to manage, the parents' old patterns may resurface. The parenting history of these parents suggest that there is reason to believe she is in danger of abuse or neglect." After reviewing the record, we conclude that the order for TIA concerning T.C. is supported by substantial evidence to support probable cause that T.C. is in danger of being abused or neglected.

Affirmed.

Chief Justice

We concur:

_____

_____
Karla M. Gray

_____
Jim Rice

_____
W. William Leaphart
Justices

6

June 10, 1997

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Thomas I. Sabo
Attorney at Law
P.O. Box 396
Gallatin Gateway, MT 59730

Hon. Joseph P. Mazurck, Attorney General
Tammy Plubell, Assistant Attorney General
Justice Bldg.
Helena, MT 59620

Gary Balaz, Esq.
Gallatin County Attorney's Office
615 So. 16th Ave.
Bozeman, MT 59715

Leslie C. Taylor
Attorney at Law
801 So. Sixth
Bozeman, MT 59715

*Devik Pomeroy*  7/15/97

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy